**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SAMUEL J. FRANCIS,**
               **Petitioner,**

**v.**                                          **Civil Action No.: 3:17-CV-148**

**JENNIFER SAAD, WARDEN,**
                    **Respondent.**

## <u>REPORT AND RECOMMENDATION</u>

### I.    INTRODUCTION

On November 30, 2017, Petitioner, an inmate at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.[1] On September 4, 2018, Respondent filed a motion to dismiss or for summary judgment and response to order to show cause, a memorandum in support thereof, and various exhibits to the memorandum.  ECF Nos. 15, 16, 16-1.  On September 5, 2018, the Court issued an Order and Roseboro notice which notified the Petitioner of his right and obligation to file a response to the motion to dismiss or for summary judgment within 21 days.  ECF No. 17.  A review of the docket shows that the Order and Roseboro notice was received on September 10, 2018.  ECF No. 18.  Petitioner has not filed any response to the motion to dismiss or for summary judgment.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:17-CV-148 unless otherwise noted.

## II.    FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On August 19, 2015, an indictment was returned in case number 3:15-CR-97 in the Western District of Kentucky, which charged Petitioner and three co-defendants with possession with intent to distribute 50 grams or more of methamphetamine.  ECF No. 32.  At the time of his indictment, Petitioner was already in custody with officials from Anderson County, Kentucky, for other controlled substance violations.  N.D.W.V. 3:17-CV-148, ECF No. 16-1 at 6.

On April 11, 2016, a plea agreement was filed, wherein Petitioner agreed to plead guilty to the indictment with the understanding that he faced a term of imprisonment ranging from 5 years to 40 years.  ECF No. 90 at 1 – 2.  Petitioner entered his guilty plea on the same date the plea agreement was filed with the Court. ECF No. 91.  On July 8, 2016, the Court rejected the plea agreement.  ECF No. 117.

On September 13, 2016, another plea agreement was filed with the Court, wherein Petitioner agreed to plead guilty to the indictment with the understanding that he faced a term of imprisonment ranging from 5 years to 40 years.  ECF No. 138 at 2. Among other terms, the Government agreed that a sentence of 70 months was appropriate.  Id. at 4. Consistent with that agreement, on October 14, 2016, the Court sentenced Petitioner to 70 months of incarceration.  ECF No. 150.

Subsequently, the Court received a letter from the Bureau of Prisons ("BOP"),

---

[2]   Throughout section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 3:15-CR-97 from the Western District of Kentucky, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

Designation and Sentence Computation Center, advising the Court that on November 9, 2016, Petitioner had a one year sentence imposed upon him in state court, which state sentence was directed to be served concurrently with Petitioner's federal sentence. ECF No. 153 at 2.   The letter requested the Court to advise the BOP as to "the Court's position on a retroactive designation" regarding concurrency with Petitioner's state sentence.  Id. at 3.  On July 5, 2017, the Sentencing Court entered an order directing the parties to brief the issue raised in the letter.  ECF No. 153.  On October 13, 2017, the Court entered an order which declined to modify Petitioner's sentence, and which noted that the Court "presumes that the Bureau of Prisons will follow the rule set forth in 18 U.S.C.§ 3584(a)."  ECF No. 155.

Petitioner did not appeal or file a motion to vacate under 28 U.S.C. § 2255.

### B.    Instant Petition for Habeas Corpus Under § 2241

In the instant petition for habeas corpus, Petitioner claims that the Federal Bureau of Prisons ("BOP") did not properly compute his sentence, and unlawfully denied him credit for time served in state court.  ECF No. 1 at 5.  Petitioner's contention is that under the sentence imposed by the District Court in the Western District of Kentucky in 3:15-CR-97, he should have received full concurrency with his one year state sentence.   Accordingly, he argues that he should receive credit for time served from August 21, 2015 through July 12, 2016.  Id.

Respondent's motion to dismiss or for summary judgment argues that the BOP has properly calculated Petitioner's sentence, awarded him all prior custody credit he is due, and properly deemed him to have commenced his federal sentence on November 22, 2016, the date he was released from state authorities to federal authorities.   ECF

No. 16 at 7.  Respondent argues that Petitioner is not entitled to double credit, in both state and federal court, for his detention time in state custody.  Id.

## III.  LEGAL STANDARD

### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants.

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

(1989) (superseded by statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  <u>Adams v. United States</u>, 372 F.3d 132, 135 (2d Cir. 2004).

## D.    Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a

---

[3]  The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

6

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan  Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion  to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.    Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

7

judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id.  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id.   "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than

encourage mere speculation.  <u>Anderson</u>, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." <u>Matsushita</u>, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" <u>Id.</u> citing <u>First Ntl. Bank of Ariz. v. Cities Service Co.</u>, 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968).  See <u>Miller v. Fed. Deposit Ins. Corp.</u>, 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.  <u>Matsushita</u>, supra, at 587-88. <u>Anderson</u>, supra, at 248-49.


## IV.    ANALYSIS

The United States Supreme Court has long recognized that 18 U.S.C. § 3585(b) does not authorize a district court to compute a defendant's jail credit at sentencing. <u>United States v. Wilson</u>, 503 U.S. 329, 334 (1992).  Rather, it is the United States Attorney General, acting through the BOP, who is responsible for computing an inmate's term of confinement.  This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing.  <u>Id.</u> at 333.  In making this computation, the BOP must:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the defendant was arrested; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added).

In <u>Wilson</u>, the Supreme Court expressly rejected Wilson's argument that § 3585(b) authorizes a district court to award credit at sentencing, reasoning that:

Section 3585 indicates that a defendant may receive credit against a sentence that "*was imposed*." It also specifies that the amount of the credit depends on the time that the defendant "*has spent*" in official detention "prior to the date the sentence commences." Congress' use of a verb tense is significant in construing statutes. By using these verbs in the past and present perfect tenses, Congress has indicated that computation of the credit must occur after the defendant begins his sentence. A district court, therefore, cannot apply § 3585(b) at sentencing.

<u>Wilson</u>, <u>supra</u>, at 333 (emphasis in original, internal citations omitted).

In the instant case, the Petitioner is seeking credit for the time he spent in state custody from August 21, 2015 through July 12, 2016. During that period, Petitioner was borrowed by the United States Marshals Service ("USMS") from state authorities by means of a writ of habeas corpus ad prosequendum entered September 23, 2015. W.D.Ky. 3:15-CR-97, ECF No. 47.

Petitioner relies on the state sentencing court's recommendation that he receive and full concurrency with his federal sentence. ECF No. 16-1 at 23 – 24. However,

consistent with the language of § 3585(b) and the holding of <u>Wilson</u>, the BOP calculated Petitioner's sentence to commence on the date he was released to federal custody, November 22, 2016.  ECF No. 16-1 at 41.  The BOP did not award Petitioner credit, nor was he entitled to credit, for all the time served in state custody before he was received in federal custody.

However, BOP did award Petitioner credit for some of the time he spent in state custody.  Petitioner was arrested on July 15, 2015, and received 483 days of jail credit against his state sentence, starting on the date of arrest, through November 8, 2016, the day before his state sentence was imposed and commenced.  ECF No. 16-1 at 27 – 28.  On the date Petitioner entered his plea in state court, November 9, 2016, he had already satisfied his sentence, having been incarcerated for more than a year.  Accordingly, he served a number of days in state custody which days were not credited toward his state sentence.

On November 22, 2016, Petitioner was transferred to federal custody, and federal officials calculated his sentence on that date.  <u>Id.</u> at 41.  According to the Sentence Monitoring Computation Data sheet, the BOP granted Petitioner a total of 338 days of prior custody credit toward his sentence, from December 20, 2015 through November 21, 2016.  <u>Id.</u>  Those dates were days which were not credited toward Petitioner's state sentence.  Accordingly, Petitioner has received all prior custody credit to which he was entitled, and his request for relief is without merit.

Having considered the pleadings and arguments of the parties, and the evidence in the light most favorable to the nonmoving party, it appears that there is no genuine dispute as to any material fact presented, the Respondent is entitled to judgment as a

matter of law, and Respondent's Motion to Dismiss or for Motion for Summary Judgment should be granted.

### IV.   <u>RECOMMENDATION</u>

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.  I further **RECOMMEND** that Respondent's Motion to Dismiss or for Motion for Summary Judgment [ECF No. 15] be **GRANTED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with the case.

The Clerk is directed to provide a copy of this Report and Recommendation to the parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** December 7, 2018

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE